IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jeffrey George Senter, | ) | Civil Action No.: 4:12-cv-02502-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Marilyn Hatley, Personally and as Mayor of | ) | **ORDER** |
| the City of North Myrtle Beach, David | ) | |
| Hatley, City of North Myrtle Beach, Melissa | ) | |
| and Tracy Edge, and the North Myrtle | ) | |
| Beach Aquatic Fitness Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jeffrey George Senter ("Plaintiff") filed the above-captioned case alleging several causes of action against the named Defendants.

On August 30, 2012, Defendants Mayor Marilyn Hatley ("Mayor Hatley"), the City of North Myrtle Beach ("the City"), and North Myrtle Beach Aquatic Fitness Center ("Aquatic Fitness Center") filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), along with a memorandum in support. Plaintiff filed her Response on October 1, 2012. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[1] In the R&R, the magistrate recommends that the Court deny Defendants' Motion to Dismiss. Defendants timely filed objections to the R&R on April 15, 2013, to which Plaintiff filed a Reply.

For the following reasons, this Court adopts the R&R.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge West for pretrial handling.

**Background**[2]

Plaintiff is a former public safety officer for Defendant City. During his time as a police officer, Plaintiff had a number of encounters with and involving Defendant Melissa Edge. On September 14, 2010, Plaintiff recorded one of these confrontations on his police vehicle's dash-cam. Plaintiff alleges that officials from Defendant City believed he handled this incident inappropriately, and that he was terminated October 6, 2010.

Plaintiff requested the dash-cam video through the Freedom of Information Act ("FOIA"). Plaintiff ultimately became a plaintiff in a lawsuit seeking release of the video under FOIA. On November 12, 2010, four days after being allowed to view the video, Plaintiff filed a stipulation of dismissal, *with prejudice*, in the FOIA action.

Sometime prior to this dismissal, Plaintiff alleges that Defendant Melissa Edge paid for his gym membership at Defendant Aquatic Fitness Center. According to Plaintiff, Defendant Aquatic Fitness Center released this information to the public.

On July 10, 2012, Plaintiff filed the suit at issue in the Court of Common Pleas of Horry County. Plaintiff alleged seven causes of action including violation of 42 U.S.C. §1983 against Defendant Mayor Hatley; intentional interference with contract against Defendants David Hatley, Mayor Hatley, Melissa Edge, and Tracy Edge; wrongful termination in violation of public policy against Defendant City; intentional infliction of emotional distress against Defendants Melissa Edge, Tracy Edge, David Hatley and Major Hatley; intentional interference with contract against Defendants Melissa Edge and Tracy Edge; violation of Plaintiff's right to privacy against Defendant

---

[2] The facts of this case, including citations to the record, are discussed thoroughly in the magistrate's R&R. [*See* R&R, Doc. # 22, at 3–7.]

Aquatic Fitness Center; and assault against Defendant Melissa Edge. After the case was removed to this Court, Defendants Mayor Hatley, the City, and Aquatic Fitness Center move for dismissal of the claims against them.

## Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310 (4th Cir. 2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**Discussion**

The magistrate recommends denying the moving Defendants' Motion to Dismiss because (1) res judicata does not bar the claims against Defendants Mayor Hatley and the City and (2) Plaintiff's Complaint alleges facts sufficient to state a cause of action for invasion of privacy against Defendant Aquatic Fitness Center. The moving Defendants object to each of these findings, and the Court will address each in turn.

**I.     Res judicata**

Defendants Mayor Hatley and the City object to the magistrate's finding that Plaintiff's previously filed FOIA action in state court does not preclude Plaintiff from asserting his claim under 42 U.S.C. §1983 and his wrongful termination claim.[3] As the magistrate explained, the specific South Carolina law regarding the doctrine of res judicata is as follows:

> Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties. Under the doctrine of res judicata, a litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit. To establish res judicata, the defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit.

---

[3]  The fifty-page "factual background" of Plaintiff's Complaint reads more like a rambling diary rather than a legal pleading. The Court notes that Plaintiff is bringing what appears to be a §1983 claim alleging that his public employer engaged in unlawful retaliation under the First Amendment by firing him for speaking about wildfires. *See McVey v. Stacy*, 157 F.3d 271, 277 (4th Cir. 1998) (applying a three-part test for determining whether a public employer has engaged in unlawful retaliation under the First Amendment). However, Plaintiff lists a number of other actions he claims constitute a violation of §1983. It does not appear to the Court, and it is at least unclear, that any of these additional allegations amount to the violation of a federal constitutional right. However, currently before the Court is a Motion by certain Defendants to dismiss Plaintiff's §1983 claim – along with Plaintiff's state law wrongful termination claim – on the basis of res judicata. The Court is thus not called upon at this stage to examine whether Plaintiff can prove his §1983 claim as alleged. For the reasons discussed herein, the §1983 claim and wrongful termination claim are not subject to dismissal at this stage on the basis of res judicata.

*Plum Creek Dev. Co., Inc., v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999), *aff'd as modified*, 334 S.C. 30, 512 S.E.2d 106 (1999) (internal quotation and citations omitted).

In his FOIA claim, which is discussed in greater detail by the magistrate, Plaintiff sought the dash-cam video depicting his confrontation with Defendant Melissa Edge. Applying the appropriate South Carolina law, the magistrate found the second and third elements lacking because the facts and evidence needed to prove the claims asserted in the instant action are different than the evidence needed to prove a violation of FOIA. [*See* R&R, Doc. # 22, at 11.]

As an initial matter, Defendants claim that the magistrate misapplied the law regarding the second element required to prove res judicata – identity of the subject matter. Specifically, Defendants argue that the magistrate failed to apply the "modern" transactional approach, which prevents a plaintiff from litigating in a subsequent action any claims that formed "all or any part of the transaction, or series of connected transactions, out of which the [first] action arose." [Obj., Doc. # 27, at 6 (quoting *Davis v. Durham Mental Health Dev. Disabilities*, 320 F. Supp. 2d 378, 391 (M.D.N.C. 2004)).]

The Court notes that Defendants appear to cite little-to-no cases from South Carolina for their specific legal proposition. South Carolina courts have repeatedly explained that "[t]he test utilized by this court for comparing two causes of action is to determine whether the primary right and duty and the delict or wrong are the same in both actions." *Judy v. Judy*, 383 S.C. 1, 8–9, 677 S.E.2d 213, 218 (Ct. App. 2009) (quoting *Plum Creek*, 328 S.C. at 350, 491 S.E.2d at 694); *see also Nunnery v. Brantley Constr. Co., Inc.*, 289 S.C. 205, 210, 345 S.E.2d 740, 743 (Ct. App.1986). To the extent Defendants attempt to argue that *Plum Creek* is no longer good law, they provide no support for such an assertion. Here, the primary rights, duties, and wrongs alleged in the FOIA

action (which alleged Plaintiff was entitled to a video and sought receipt of said video) are vastly different than those alleged in Plaintiff's claims for wrongful termination and violation of his constitutional rights under §1983 (which seek damages and claim that Plaintiff's First Amendment rights were violated and that he was terminated in contravention of public policy).

Moreover, the transactional approach heralded by Defendants has little distinction from the test currently applied by South Carolina courts. When the primary rights, duties, and wrongs vary in two actions, it logically follows that the two actions do not involve a series of connected transactions.

Defendants also argue that the stipulation of dismissal in the FOIA action bars the claims at issue in the current case.[4] The stipulation reads as follows:

> Pursuant to Rule 4l(a)(l), SCRCP, and the common law right of a party to waive claims, the Plaintiff Jeffrey Senter hereby stipulates to *the dismissal of all of his claims against any and all defendants in this action* and any and all servants and agents of the City of North Myrtle Beach with prejudice and hereby waives any and all such claims which have or could have been made *related to the subject matter of this action*.

[Obj., Doc. # 27, at 4 (emphasis added).] As has been thoroughly discussed by both the magistrate and this Court, the current action is not "related to the subject matter" in the FOIA claim.[5]

---

[4]  The magistrate explained that under South Carolina law, a stipulation of dismissal *with prejudice* made pursuant to Rule 41(a)(1) of the South Carolina Rules of Civil Procedure constitutes a final judgment for res judicata purposes. [R&R, Doc. # 22, at 9.]

[5]  Defendants make much out of the fact that Plaintiff, when citing instances where Defendants did not follow proper procedure, explained that he was being punished for conduct in a video that was never provided to him. [Obj., Doc. # 27, at 8.] This Court agrees that Plaintiff is barred from alleging a claim against Defendants for their failure to produce the video. However, at this early stage in the litigation, it appears that Plaintiff here is alleging that it was inappropriate to discharge him before he was shown certain evidence; whereas in the FOIA action he sought to procure that evidence.

Defendants' objections are without merit.[6]

## II.     Invasion of privacy

The moving Defendants further object to the magistrate's finding that Plaintiff has alleged facts sufficient to constitute a cause of action for invasion of privacy against Defendant Aquatic Fitness Center. In his Complaint, Plaintiff claims that after he ceased working as a police officer Defendant Aquatic Fitness Center made certain information about his gym membership public, including the fact that Defendant Melissa Edge paid for renewal of the membership. [*See* Compl., Doc. # 1-1, ¶¶ 139, 145-46.]

Defendants first object to the magistrate's finding that, for purposes of Defendants' Motion to Dismiss, the actual malice standard[7] did not apply because Plaintiff was neither a public official nor a limited-purpose public figure. Defendants concede that Plaintiff was not a police officer when the gym membership information allegedly became public. However, Defendants essentially argue that the disclosure of the information regarding the gym membership was the latest chapter in a series of events surrounding the relationship between Plaintiff and Defendant Melissa Edge, and that these events began when Plaintiff was still a police officer and generated public interest. [*See* Obj., Doc. # 27, at 11–12.]

---

[6] Because the Court agrees with the magistrate that there was no identity of the subject matter, Defendants' request for dismissal on the basis of res judicata must be denied. *Plum Creek*, 334 S.C. at 34, 512 S.E.2d at 109 (requiring proof of all three elements to successfully invoke res judicata). To the extent any party objects to the magistrate's findings related to the first and third element – that there was identity of the parties but that the issues were not adjudicated in the former suit – the Court has reviewed the R&R *de novo* and adopts the magistrate's findings for the reasons stated herein and by the magistrate.

[7] Defendants contend Plaintiff's claim is barred by the South Carolina Tort Claims Act ("SCTCA") because, as a public official, Plaintiff would have to prove actual malice in an invasion of privacy claim and the SCTCA bars claims against governmental entities in which actual malice is an element.

Although Defendants cite authority regarding claims against public officials and limited-purpose public figures, they offer no support for their proposition that this Court should look to Plaintiff's status before the alleged invasion of privacy or that Plaintiff's gym membership with Defendant Aquatic Fitness Center had anything to do with his official duties. *See New York Times Co. v. Sullivan*, 376 U.S. 254, 283 (1968) (holding that the actual malice standard applies in "actions brought by public officials against critics of their official conduct"). Further, in support of their argument that Plaintiff is a limited-purpose public figure, Defendants attach a number of newspaper articles. However, Defendants' Motion to Dismiss was brought under Federal Rule of Civil Procedure 12(b)(6), where the Court cannot typically go beyond the Complaint and must accept as true the facts alleged in the Complaint, viewing them in a light most favorable to the plaintiff. *See Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). Plaintiff's Complaint is simply bereft of any allegation that would show, as a matter of law, that Plaintiff was a limited-purpose public figure.[8] The Court therefore Court cannot say, for purposes of Defendants' Motion to Dismiss, that Plaintiff was either a public official or a limited-purpose public figure.

Defendants next argue that even assuming Plaintiff was neither a public official nor a limited-purpose public figure, Plaintiff's Complaint still fails to state a claim for invasion of privacy against Defendant Aquatic Fitness Center. In a brief argument, Defendants claim that Plaintiff's

---

[8] The Fourth Circuit has established a five-factor test to determine if a plaintiff can be classified as a limited-purpose public figure as a matter of law. *Wells v. Liddy*, 186 F.3d 505, 533 (4th Cir. 1999). "[T]he defendant must prove that: (1) the plaintiff has access to channels of effective communication; (2) the plaintiff voluntarily assumed a role of special prominence in the public controversy; (3) the plaintiff sought to influence the resolution or outcome of the controversy; (4) the controversy existed prior to the publication of the defamatory statement; and (5) the plaintiff retained public figure status at the time of the alleged defamation." *Id*. Defendants also cite several cases outside of this jurisdiction for the proposition that Plaintiff was a limited-purpose public figure. [*See* Obj., Doc. # 27, at 14.] Each of those cases are distinct as they were decided at the summary judgment stage.

invasion of privacy claim alleges that "the City released information regarding who had paid his membership fee at the City's fitness center. The City is a public entity subject to the FOIA. Plaintiff could not have had an expectation of privacy in information contained in public records." [Obj., Doc. # 27, at 15.] There are several problems with Defendants' argument. One, the invasion of privacy allegations are against an entity Plaintiff simply identifies as North Myrtle Beach Aquatic Fitness Center. It is unclear, however, the degree to which Defendant Aquatic Fitness Center is a "public entity." Two, assuming that the records at issue are kept by a public entity, Defendants offer no explanation for how gym payment information constitutes a public record. *See* S.C. Cod Ann. § 30-4-40 (exempting from FOIA "[i]nformation of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy"); *Havemann v. Colvin*, No. 12–2453, 2013 WL 3943144, at *3 (4th Cir. Aug. 1, 2013) (analyzing similar federal FOIA action and explaining that "an agency can refuse to disclose 'personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy'") Therefore, this Court cannot say that Plaintiff's Complaint fails to state a plausible claim for invasion of privacy against Defendant Aquatic Fitness Center, and Defendants' objections are overruled.

## Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, Plaintiff's Reply, and the applicable law. The Court has further conducted the required review of all of the objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all objections and adopts the R&R.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss [Doc. # 4] is **DENIED**.

**IT IS SO ORDERED**.

                                                                          s/ R. Bryan Harwell
                                                                          R. Bryan Harwell
                                                                          United States District Judge

Florence, South Carolina
August 29, 2013