IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffrey George Senter, | ) | Civil Action No.: 4:12-2502-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Marilyn Hatley, *personally and as Mayor of the City of North Myrtle Beach*, David Hatley, City of North Myrtle Beach, Melissa and Tracy Edge, and the North Myrtle Beach Aquatic Fitness Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the motions for summary judgment of David Hatley (ECF No. 97) and defendants Marilyn Hatley and the City of North Myrtle Beach's motion (to include the North Myrtle Beach Aquatic Fitness Center) (ECF No. 98). Also before the Court is the plaintiff's motion to remand. (ECF No. 156.) Pro se defendants Melissa and Tracy Edge have not filed any dispositive motions. The plaintiff Jeffrey George Senter ("the plaintiff") filed this action against Marilyn Hatley, personally and as Mayor of the City of North Myrtle Beach, David Hatley, City of North Myrtle Beach, Melissa and Tracy Edge, and the North Myrtle Beach Aquatic Fitness Center ("the defendants"), alleging *inter alia* violations of 42 U.S.C. § 1983, intentional interference with a contract, wrongful termination, intentional infliction of emotional distress, violation of his right to privacy, and assault.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Kaymani D.

West for consideration of pretrial matters.

## BACKGROUND AND PROCEDURAL HISTORY

The magistrate judge prepared a thorough Report and Recommendation which recommends that the defendant David Hatley's motion for summary judgment (ECF No. 97) and the defendants Marilyn Hatley and the City of North Myrtle Beach's motion for summary judgment (to include the North Myrtle Beach Aquatic Fitness Center) (ECF No. 98) be granted.  (ECF No. 130.)  The plaintiff filed a timely objection to the Report and Recommendation (ECF No. 133) and the defendants replied (ECF Nos. 137, 146.)  For the reasons set forth herein, the Court adopts the Report and Recommendation in full.   The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court only re-recites them to the extent necessary to respond to the plaintiff's objections.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The plaintiff was not employed by Defendant Mayor Marilyn Hatley. Hatley did not have direct supervisory authority or the power to hire and fire with respect to the plaintiff, as far as any portion of the record indicates. Contrary to his suggestion, the plaintiff indeed must produce some evidence from which a reasonable jury could believe his version of the case – that Mayor Hatley somehow influenced actual decisionmakers to discipline him and to terminate his employment. *See* Fed. R. Civ. P. 56. The plaintiff says, "[T]he requirement is not that there be evidence but that there be a genuine issue of material fact which has been presented in these facts." (Pl. Obj. at 6.) But, respectfully, veteran counsel knows that that is precisely how issues of fact are created – with evidence. *See* Fed. R. Civ. P. 56. A plaintiff's unrebutted surmise cannot. Here, however, as the magistrate judge thoroughly explained not only does the plaintiff lack his own evidence, in the affirmative, of the necessary influence by Hatley over the termination, but the accusation of decisionmaking authority has been rebutted with countervailing evidence that it was Captain Rick Buddelemeyer and City Manager Mahaney, exclusively.

The plaintiff first objects that the magistrate's "rendition of the facts in this case . . . ignores the plaintiff's extensive training regarding law enforcement or the Plaintiff's exemplary performance during his employment with the City of North Myrtle Beach." (Pl. Obj. at 4-5.) But, whatever the truth of the plaintiff's performance, it is irrelevant to the causal line insufficiently drawn between Hatley and the termination decision. The fact that the plaintiff's difficulty with his employment only arises after issues concerning the Barefoot fire and Melissa Edge cannot be enough. Those incidents obviously accrued the concern and disdain of many city officials and personnel, not just Mayor Hatley, regardless of her

specific and personal interest. It is not disputed that the September 14 incident with Edge, specifically, led directly to the plaintiff's firing. But, the Court cannot just open up for the jury to guess how Hatley might have been involved. The only evidence of record is that others made the decision.

To that end, the plaintiff, on objection, revisits his alleged circumstantial evidence of Mayor Hatley's influence. (Pl. Obj. at 7-11.) The magistrate judge thoroughly considered it all and rejected the record as insufficient. (R&R at 23-25.) Specifically, the Court has reviewed the magistrate judge's consideration of Hatley's "liar comment," which is undisputed, and a dinner with Hatley and the City Manager the night before the plaintiff's employment was terminated. *Id.* The magistrate judge's view is correct. Notably, the magistrate judge has explained how the already tenuous suggestion of the timing of the dinner is compounded by the detailed inadequacy of phone records to support the dubious timeline of communication between the City Manager, Buddelmeyer, and the plaintiff. *Id.* at 24. The Court adopts the analysis in its entirety and effect. The plaintiff's simple itemized recitation of the factual evidence is not any specific rebuttal to the magistrate judge's reasoning.

For these same reasons, and as the magistrate judge ably deflected (R&R at 31-35), the plaintiff's cursory objection concerning claims for intentional interference with contract and emotional distress against the Hatley defendants is ineffective. There is no evidence of it – interference or legally cognizable outrage (R. at 35).

The plaintiff lastly objects, concerning his wrongful termination claim, that whether "a public policy exception" exists is "not a determination for the Court." (Pl. Obj. at 11.) While it is true that whether an employee's discharge violated a specific public policy is a

question of fact for the jury, what actually constitutes such public policy is plainly a question of law, as the magistrate judge concluded (R&R at 30). *See Barron v. Labor Finders of South Carolina*, 713 S.E.2d 634, 638 (S.C. 2011). The plaintiff's continued failure to identify such public policy, therefore, remains fatal. His only attempt is craved reference to *Epps v. Clarendon County*, 405 S.E.2d 386, 387 (S.C. 1991), which plainly indicates, as the magistrate judge noted, that his remedy for discharge, relating to the exercise of his rights in free speech, is in Section 1983, if at all, and expressly *not* in wrongful discharge. The claim should be dismissed.

Having dismissed the plaintiff's federal claim against the defendants and on motion of the plaintiff, the Court declines to exercise jurisdiction over the whatever state law claims the plaintiff may have against the Edge defendants or counterclaims such defendants have against the plaintiff. *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.") Thus, the state law claims are hereby remanded back to state court.

## CONCLUSION

The Court has carefully made a *de novo* review of the objections. After considering the motion, the record, and the Report and Recommendation of the Magistrate Judge and the objections of the plaintiff, the undersigned adopts the Report and Recommendation incorporates it herein by specific reference to the extent consistent.

Therefore, it is ORDERED that defendant David Hatley's motion for summary judgment (ECF No. 97) and the defendants Marilyn Hatley and the City of North Myrtle

Beach's motion for summary judgment (to include the North Myrtle Beach Aquatic Fitness Center) (ECF No. 98) are GRANTED.  The case is dismissed as to those defendants.  The remainder of the case against Tracy and Melissa Edge as defendants and counter claimants is, hereby, remanded to state court.  The plaintiff's motion to remand is GRANTED.  (ECF No. 156.)

       IT IS SO ORDERED.

                                       /s/Bruce Howe Hendricks
                                       United States District Judge

Greenville, South Carolina
August 18, 2015